IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

APRIL ANN HARVEY, wife and
next of kin to her husband,
Ramsey Robert Harvey, deceased;
RYAN A. HARVEY, a minor child and next
of kin to his father Ramsey Robert Harvey,
deceased by and through his mother and
next friend, MISTY L. GILLIAM,

    Plaintiffs,

v.                                                                                       No. 3:07-cv-0022

CAMPBELL COUNTY, TENNESSEE;
Former Campbell County Sheriff RON MCCLELLAN,
individually and in his official capacity as Sheriff;
Former Campbell County Chief CHARLES SCOTT,
individually and in his official capacity as chief deputy;
Campbell County Deputy Sheriff RICHARD LOWE,
individually and in his official capacity as a Campbell County Deputy Sheriff;
JEFF HALL as Mayor of Campbell County, Tennessee; and
SHERIFF GARY PERKINS, in his official capacity as
Sheriff of Campbell County, Tennessee,

    Defendants.

### ANSWER OF DEFENDANTS CAMPBELL COUNTY, TENNESSEE, RON McCLELLAN, CHARLES SCOTT, OFFICE OF THE MAYOR OF CAMPBELL COUNTY, TENNESSEE, AND SHERIFF GARY PERKINS

Come the Defendants Campbell County, Tennessee, Ron McClellan, Charles Scott, Office of the Mayor of Campbell County, Tennessee, and Sheriff Gary Perkins, by and through counsel, and answer the Complaint filed against them as follows:

    1.    Answering Paragraph 1 of the Plaintiffs' Complaint, these Defendants admit Plaintiffs have filed an action against these Defendants. All allegations against Defendant

Richard Lowe are not directed at these Defendants, and therefore, no answer is warranted and none is given. These Defendants aver that Jeff Hall died February 17, 2007, and these Defendants filed a suggestion of death on his behalf. In any event, these Defendants aver that Defendants Hall and Perkins are sued in their official capacities only and said claims are treated under 42 U.S.C. § 1983, as a suit against Campbell County, Tennessee. These Defendants deny violating Plaintiffs' decedent's federal constitutional rights or engaging in any wrongdoing with respect to Plaintiffs' cause of action. All allegations of Paragraph 1 of Plaintiffs' Complaint inconsistent with the foregoing are denied and strict proof is required thereof.

2. Answering the allegations contained in Paragraph 2 of Plaintiffs' Complaint, it is admitted that Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act. These Defendants deny violating Plaintiffs' decedent's federal constitutional rights and deny engaging in negligence or any other wrongdoing. All allegations inconsistent with the foregoing are denied and strict proof is required thereof.

3. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Answering the allegations contained in Paragraph 5 of Plaintiffs' Complaint, it is admitted that Campbell County, Tennessee is a county organized under the laws of the state of Tennessee. The remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied and strict proof is required thereof.

2

Case 3:07-cv-00022   Document 7   Filed 09/27/07   Page 2 of 9   PageID #: 2

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint are admitted. However, this Defendant denies violating Plaintiffs' decedent's federal constitutional rights, engaging in any acts of negligence, or any other wrongdoing.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint are admitted. However, this Defendant denies violating Plaintiffs' decedent's federal constitutional rights, engaging in any acts of negligence, or any other wrongdoing.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given.

9. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

10. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

11. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

12. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

13. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

14. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

15. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

16. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

17. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

18. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

19. These Defendants aver that they are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

20. These Defendants admit only that Plaintiff was terminated. All allegations inconsistent with the foregoing are denied.

21. The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied as written and strict proof is required thereof.

22. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint, therefore, the allegations are denied and strict proof is required thereof.

23. The allegations contained in Paragraph 23 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied. These Defendants, however, deny any liability to the Plaintiffs in this action.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied. These Defendants, however, deny any liability to the Plaintiffs in this action.

25. The allegations contained in Paragraph 25 of Plaintiffs' Complaint are not directed at these Defendant, therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied. These Defendants, however, deny any liability to the Plaintiffs in this action.

26. The allegations contained in Paragraph 26 of Plaintiffs' Complaint are not directed that these Defendants, and therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied. These Defendants deny violating Plaintiffs' decedent's federal constitutional rights, engaging in negligence, or engaging in any wrongdoing.

27. The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied and strict proof is required thereof.

28. The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied and strict proof is required thereof.

29. The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied and strict proof is required thereof.

30. The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied and strict proof is required thereof.

31. The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied and strict proof is required thereof.

32. The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied and strict proof is required thereof.

33. The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied and strict proof is required thereof.

34. The allegations contained in Paragraph 34 of Plaintiffs' Complaint are admitted.

35. The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied and strict proof is required thereof.

36. The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied and strict proof is required thereof.

37. The allegations contained in Paragraph 37 of Plaintiffs' Complaint are denied and strict proof is required thereof.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied.

40. The allegations contained in Paragraph 40 of Plaintiffs' Complaint are not directed at these Defendants, therefore, no answer is warranted and none is given. To the extent that the allegations are directed at these Defendants, the allegations are denied.

41. The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied and strict proof is required thereof.

42. The allegations contained in Paragraph 42 of Plaintiffs' Complaint are denied and strict proof is required thereof.

43. The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied and strict proof is required thereof.

44. It is denied that Plaintiffs are entitled to damages in any amount, costs and attorneys fees, or any other relief against these Defendants.

45. These Defendants aver that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

46. Anything not heretofore specifically admitted or denied is hereby denied as if fully and completely set forth herein.

47. Defendants McClellan and Scott are entitled to the defense of qualified immunity.

48. As to Plaintiffs' state law claims, these Defendants respectfully request the Court exercise its discretion and refuse to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

49. Alternatively, these Defendants rely on the doctrine of modified comparative fault and aver that they are not liable for the fault of any other parties or non-parties to this cause of action. Defendants reserve the right to amend this Answer to identify any non-parties who may be liable to the Plaintiffs.

50. Alternatively, these Defendants deny Plaintiffs are entitled to a jury trial with respect to their claims brought pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 *et seq.*

51. These Defendants aver that Jeff Hall and Sheriff Gary Perkins are unnecessary Defendants in this action, as an official capacity action against these Defendants is treated under Section 1983 as an action against Campbell County, Tennessee. Accordingly, these Defendants should be dismissed from this action.

WHEREFORE, these Defendants Campbell County, Tennessee, Ron McClellan, Charles Scott, Office of the Mayor of Campbell County, Tennessee, in his official capacity only and Sheriff Gary Perkins, in his official capacity only, respectfully request that Plaintiffs' Complaint be dismissed and they be awarded their costs and attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Becker, Fleishman & Knight, P.C.
P.O. Box 1710
Knoxville, TN 37901-1710
(865) 522-5057

## CERTIFICATE OF SERVICE

      I hereby certify that on September 27, 2007, a copy of the foregoing Answer of Defendants Campbell County, Tennessee, Ron McClellan, Charles Scott, Office of the Mayor of Campbell County, Tennessee, and Sheriff Gary Perkins, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                              *s/Arthur F. Knight, III*
                              Arthur F. Knight, III

9

Case 3:07-cv-00022    Document 7    Filed 09/27/07    Page 9 of 9    PageID #: 9