IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

APRIL ANN HARVEY, wife and
next of kin to her husband,
Ramsey Robert Harvey, deceased;
RYAN A. HARVEY, a minor child and next
of kin to his father Ramsey Robert Harvey,
deceased by and through his mother and
next friend, MISTY L. GILLIAM,

    Plaintiffs,

v.                                                        No. 3:07-cv-0022

CAMPBELL COUNTY, TENNESSEE;
Former Campbell County Sheriff RON MCCLELLAN,
individually and in his official capacity as Sheriff;
Former Campbell County Chief CHARLES SCOTT,
individually and in his official capacity as chief deputy;
Campbell County Deputy Sheriff RICHARD LOWE,
individually and in his official capacity as a Campbell County Deputy Sheriff;
JEFF HALL as Mayor of Campbell County, Tennessee; and
SHERIFF GARY PERKINS, in his official capacity as
Sheriff of Campbell County, Tennessee,

    Defendants.

STATE OF TENNESSEE  )
                          )SS
COUNTY OF KNOX      )

## AFFIDAVIT OF RON McCLELLAN

    My name is Ron McClellan, and I have personal knowledge of the following facts and if called to the stand would so testify:

    1.    I was Sheriff of Campbell County, Tennessee, from September 1, 1992, until August 31, 2006.

    2.    Attached as Exhibit "A" is a true and correct copy of Richard Lowe's

personnel file of the Campbell County Sheriff's Department. According to the documents contained therein, Mr. Lowe was hired July 18, 2005, after filling out an application with the Department on June 22, 2005. Accordingly, he worked approximately five (5) months with the Department prior to the incident which is the subject matter of Plaintiffs' Complaint. He was terminated December 29, 2005, after it was determined that he tampered with evidence at the scene of the shooting which is the subject of Plaintiffs' Complaint.

3. Mr. Lowe had previous law enforcement experience with the City of LaFollette from January, 2005, through his hire at the Campbell County Sheriff's Department, and the Union County Sheriff's Department from June, 2003, to January, 2005. It is also my understanding that he worked as a school officer at Knox County Schools from 1999 until 2003. According to his personnel file, he graduated from Walter State Community College Police Academy in Greenville, Tennessee, on September 22, 2002, and became certified by the State of Tennessee's Peace Officer's Standards and Training Commission ("POST"), on January 16, 2004.

4. In any event, I did not know, and to my knowledge, no one at the Campbell County Sheriff's Department, had any reason to know why Mr. Lowe could not serve as a Deputy with the Campbell County Sheriff's Department. Contrary to the allegations of the Complaint, I knew of no adverse facts about Mr. Lowe concerning any role that he would have to engage in as a law enforcement, including any alleged propensity to use unreasonable force. In fact, all of his referenced were check by Sheriff's Department personnel and they all recommended him for hire at our Department as a Deputy. Specifically, I remember that all of Mr. Lowe's references were either current or former law enforcement officers.

2

5. Upon becoming a Deputy, Mr. Lowe was given, and had access to, all of the policies and procedures of the Campbell County Sheriff's Department. A copy of the policy and procedures is attached hereto as Exhibit "B". A copy of the Use of Force policy in effect on December 23, 2005, is attached as Exhibit "C". Mr. Lowe is trained by the Campbell County Sheriff's Department in use of force, and my review of his record indicated that he had previous training in the constitutional application of force by a law enforcement officer. His personnel file contained certain certificates affirming the fact that he had obtained his forty (40) hours of in-service training each and every year following his POST certification, otherwise, his POST certification would have been revoked.

6. At all times, Deputy Lowe was adequately supervised by myself and other members of the Department, and I had no indication that he was not somehow incapable of performing as a competent law enforcement officer with the Campbell County Sheriff's Department. Specifically, I had no knowledge of any complaints about Mr. Lowe's performance, including complaints of unreasonable force, or any other misconduct prior to the subject incident.

7. With regard to the subject incident, I was not present, nor did I participate in the events leading up to, or the actual shooting. Moreover, in no way did I encourage the specific incident of misconduct alleged in the Complaint or participate in it in any way. Moreover, at no time did I inquisitively authorize, approve, or acquiesced in any of the alleged unconstitutional conduct of Mr. Lowe, or any other employee of the Campbell County Sheriff's Department.

8. After the shooting, Mr. Lowe was placed on administrative leave per policy. The shooting was investigated by the Tennessee Bureau of Investigation ("TBI"). During

the TBI investigation, it was my understanding that Mr. Lowe admitted to tampering with evidence. Upon receipt of this information, Mr. Lowe was terminated. It is my understanding that Mr. Lowe admitted to the TBI that he had tampered with evidence at the scene of the shooting on December 28, 2005. The record reflects he was terminated the next day, December 29, 2005. I did not, nor did I direct, any one to interfere with or impede the TBI in their investigation of the shooting or the subsequent prosecution of Mr. Lowe.

9. Contrary to the Compliant, I did not breach any duty, regulation, statute, or law, with respect to the hiring, supervision or employment of Deputy Lowe by the Campbell County Sheriff's Department or any other Deputy, either specifically or generally by the Plaintiff's in the Complaint.

Further Affiant saith not.

_____
RON McCLELLAN

Subscribed and Sworn to me this
26th day of September, 2008.

_____
NOTARY PUBLIC
My commission expires: 8/29/12

4