**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

APRIL ANN HARVEY, wife and
next of kin to her husband,
Ramsey Robert Harvey, deceased;
RYAN A. HARVEY, a minor child and next
of kin to his father Ramsey Robert Harvey,
deceased by and through his mother and
next friend, MISTY L. GILLIAM,

    Plaintiffs,

v.                                  No. 3:07-cv-0022

CAMPBELL COUNTY, TENNESSEE;
Former Campbell County Sheriff RON MCCLELLAN,
individually and in his official capacity as Sheriff;
Former Campbell County Chief CHARLES SCOTT,
individually and in his official capacity as chief deputy;
Campbell County Deputy Sheriff RICHARD LOWE,
individually and in his official capacity as a Campbell County Deputy Sheriff;
JEFF HALL as Mayor of Campbell County, Tennessee; and
SHERIFF GARY PERKINS, in his official capacity as
Sheriff of Campbell County, Tennessee,

    Defendants.

## **CONCISE STATEMENT OF MATERIAL FACTS**

COME the Defendants Campbell County, Tennessee, former Campbell County Sheriff, Ron McClellan, individually and in his official capacity as the former Sheriff, former Campbell County Chief Charles Scott, individually and in his official capacity as the former Chief Deputy of the Department, and current Sheriff Gary Perkins, in his official capacity only by and through counsel and submits the following Concise Statement of Material Facts.

1. On or about December 23, 2005, at approximately 2:30 a.m., Ramsey Robert Harvey, deceased, was a driver of a vehicle pursued by Campbell County Deputy Sheriff Richard Lowe. See Complaint ¶9.

2. At approximately 2:34 a.m., Deputy Lowe called dispatch to inform them that he was involved in a pursuit of a vehicle, driven by the deceased. See Compliant ¶10.

3. Plaintiffs' decedent stopped his vehicle in a yard at the corner of Mountain Drive and Indiana Avenue in LaFollette, Campbell County, Tennessee. See Complaint ¶11.

4. At 2:35 a.m., Deputy Lowe allegedly called for backup assistance. See Complaint ¶12.

5. Deputy Lowe observed Plaintiffs' decedent exit his vehicle with some type of knife in his hand. Deputy Lowe advised Plaintiffs' decedent to stop, but he did not follow his instruction. See Compliant ¶13.

6. As a result, Deputy Lowe shot and killed Plaintiffs' decedent. See Complaint ¶¶14, 16.

7. Deputy Lowe was placed on administrative leave pending an investigation into the events of the shooting. See Complaint ¶17.

8. On December 29, 2005, Deputy Lowe failed a polygraph test administered by the Tennessee Bureau of Investigation ("TBI"). See Complaint ¶18.

9. Deputy Lowe had planted a knife at the scene of the shooting. See Complaint ¶19.

10. That same day, Deputy Lowe was terminated by the Sheriff's Department for "tampering with evidence at a crime scene". See Complaint ¶20.

11. Lowe was hired on July 18, 2005. He previously worked at the City of LaFollette Police Department, the Union County Sheriff's Department, and as a school officer with Knox County Schools. See McClellan Affidavit ¶2.

12. Lowe graduated from the police academy at Walter State Community College on September 6, 2002, and became certified as a law enforcement officer with the Peace Officer's Standards and Training Commission ("POST") on January 16, 2004. See McClellan Affidavit ¶3.

13. Lowe filled out an application with the Sheriff's Department on June 22, 2005. No adverse information was listed by him. See McClellan Affidavit ¶2.

14. References were provided and checked by Campbell County Sheriff's Department personnel. All were good and recommended Lowe as a Deputy. See McClellan Affidavit ¶4.

15. The Sheriff's Department obtained records from Lowe's previous employment at the City of LaFollette, and that employment process prior to hiring Lowe. See McClellan Affidavit ¶3.

16. Lowe was POST certified at the time of his hiring, and this incident, he had been fully trained by several law enforcement agencies, including the Campbell County Sheriff's Department policies and procedures. See McClellan Affidavit ¶3.

17. No evidence exists that he had not had his standard forty (40) hours of in-service training each year. He would have lost his certification had he not complied. See McClellan Affidavit ¶5.

18. No evidence of adverse information appeared concerning Lowe at any time prior to the subject incident. See McClellan Affidavit ¶6.

19. When Campbell County Sheriff's Department obtained credible information indicating that Lowe had tampered with evidence at the scene, he was fired. See McClellan Affidavit ¶8.

20. Former Sheriff McClellan and former Chief Deputy Scott, were not present at the shooting. See McClellan Affidavit ¶7.

21. Neither man implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct of Lowe or anyone else. See McClellan Affidavit ¶7.

22. When the alleged wrongdoing by Lowe became apparent, these Defendants acted appropriately and terminated his employment. See McClellan Affidavit ¶8.

23. No facts exist that either of these Defendants did anything to inhibit the TBI investigation into the shooting or Mr. Lowe's subject criminal prosecution. See McClellan Affidavit ¶8.

24. The record reflects that Mr. Lowe was subsequently indicted on July 19, 2007, and on September 24, 2007, was sentenced to judicial diversion pursuant to T.C.A. §40-35-313 for three (3) years as a result of fabricating evidence, filing a false police report and official misconduct. See Plea Agreement.

RESPECTFULLY SUBMITTED this 26th day of September, 2008.

s/Arthur F. Knight, III
Arthur F. Knight, III, BPR #016178
Becker, Fleishman & Knight, P.C.
Post Office Box 1710
Knoxville, Tennessee 37901-1710
Phone: 865/522-5057
Fax: 865/522-6743
sjohnson@bfk-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 26th, 2008, a copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                      s/Arthur F. Knight, III
                                      Arthur F. Knight, III