IN THE CRIMINAL COURT FOR CAMPBELL COUNTY, TENNESSEE

STATE OF TENNESSEE )
VS. )
)
Richard Lowe )  DOCKET NO. 13411
DOB: 11/21/64   Race: W   Sex: M )
SSN: 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 )
ATTORNEY(S): Charles Henman )

☑ Public Defender  ☐ Appointed  ☐ Retained

## WAIVER OF TRIAL BY JURY AND REQUEST FOR ACCEPTANCE OF PLEA OF GUILTY

1. **Personal Information Verification:** I certify the information in the caption above is true and correct.

2. **Nature of Guilty Plea Inquiry:** I have read or had read to me the contents of this document, and the contents are true and accurate. I understand that if I wish to plead guilty and ask the Court to accept my plea and waiver of jury trial, then the Court will ask me questions under oath, on the record and in the presence of counsel about the offense to which I am pleading guilty, my understanding of my rights, and the truth and accuracy of this waiver. I understand that I have a right to remain silent and not answer the Court's questions but if I choose to answer them, then my answers may be used against me in court and in a prosecution for perjury or false statement if I swear falsely.

3. **Right to Counsel:** I understand that I have the right to have the assistance of counsel at all stages of the proceedings and that if I am indigent and cannot afford one, the Court would appoint an attorney to represent me. I understand that one of the advantages of being represented by an attorney is the effective preservation of my right to appeal.

4. **Sufficiency of Legal Assistance:** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in this indictment, and I believe that my attorney is fully informed as to all such matters. I believe that my attorney has sufficiently investigated the facts of my case in order to properly advise me whether or not I should plead guilty in this case. I am certain that he would be prepared to go to trial if I chose to plead not guilty. My attorney has informed me as to any and all possible defenses I might have in this case and has advised me of any lesser included offenses to which I may be subject. I am completely satisfied with the legal advice and representation provided to me by my attorney in this case, and I have no complaints to make to the Court concerning his representation.

5. **Nature of Charged Offenses:** My attorney has discussed with me the possible punishments if I am found guilty of the charges contained in the indictment. I understand I am charged with the offense(s) shown below. My understanding of the applicable minimum and maximum punishments and parole/release eligibility is shown on page 2.

**CHARGED OFFENSE**

| COUNT(S) | OFFENSE | CLASS FELONY | MISDEMEANOR |
|---|---|---|---|
| 1. | Fabricating Evidence | C | |
| 2. | False Reports | D | |
| 4. | Official Misconduct | E | |

---

### WAIVER OF COUNSEL

Understanding that I am charged in the indictment with the offenses shown above and wish to plead guilty to the offense(s) shown on page 4 which involve(s) a possible deprivation of liberty and understanding my rights to counsel as set forth in paragraph 3, I hereby voluntarily and knowingly and without force and coercion or promises of any kind, waive my right to counsel. I acknowledge that I have been given sufficient opportunity to retain counsel, and I do not wish to request court-appointed counsel. The remainder of this waiver is true and accurate except for the references to an attorney. Acknowledgment of waiver of counsel:

DEFENDANT: _____

Page 1 of 4

Case 3:07-cv-00022   Document 22-1   Filed 09/26/08   Page 1 of 5   PageID #: 823

## TABLE OF MISDEMEANOR AND DUI PUNISHMENTS

| ALL OFFENSES CLASS | MAXIMUM JAIL SENTENCE/FINE | DRUG OFFENSE MINIMUM FINES- MARIJUANA | OTHER DRUGS |
|---|---|---|---|
| A | 11 months/29 days - $2500 | 1st Off. $250 | $750 |
| B | 6 months - $ 500 | 2nd Off. $500 | $850 |
| C | 30 days - $ 50 | 3rd Off. $750 | $1,000 |

| DUI CONVICTION | MINIMUM JAIL SENTENCE | MINIMUM/ MAXIMUM FINE | REVOCATION OF LICENSE |
|---|---|---|---|
| 1st | 2 days* | $ 350 - 1500 | 1 year |
| 2nd | 45 days | 600 - 3500 | 2 years |
| 3rd | 120 days | 1100 - 10,000 | 3-10 years |
| 4th (Class E Felony) | 150 days | 3000 - 15,000 | 5 years |

* 7 days if the defendant's blood alcohol concentration is .20% or more.

The court shall fix a percentage of a misdemeanor sentence (0-75%) which the defendant shall serve before he/she is eligible for consideration for work release, furlough, trusty status and related rehabilitative programs.

**DWI** - Driving while impaired (D.W.I.) is a Class B Misdemeanor punishable only by a fine of $500. Second and subsequent convictions for D.W.I. are of the same class and are punishable in the same manner as that for second and subsequent convictions for DUI. Prior DWI convictions may be used to enhance the punishment for a DUI conviction in the same manner as a previous DUI conviction, and prior DUI convictions may be similarly used to enhance a DWI sentence.

**Driving on Revoked License** - The minimum sentence if the revocation, suspension or cancellation is due to a DUI, leaving the scene of an accident, or vehicular homicide or assault conviction is 2 days and is punishable by a fine not more than $1,000. It is a Class B Misdemeanor. A second or subsequent violation is a Class A misdemeanor. The minimum sentence if the revocation, suspension, or cancellation is due to a second or subsequent conviction of the above offenses is 45 days and is punishable by a fine not more than $3,000.

## TABLE OF FELONY PUNISHMENTS *

| CLASS | MINIMUM/MAXIMUM PUNISHMENT FOR CLASS | STANDARD (RANGE I 30%) | MULTIPLE (RANGE II 35%) | PERSISTENT (RANGE III 45%) | CAREER (60%) | FINE | DRUG OFFENSE FINES** |
|---|---|---|---|---|---|---|---|
| A | 15-60 | 15-25 | 25-40 | 40-60 | 60 | $50,000 | $500,000 |
| B | 8-30 | 8-12 | 12-20 | 20-30 | 30 | $25,000 | $100,000*** |
| C | 3-15 | 3-6 | 6-10 | 10-15 | 15 | $10,000 | $100,000 |
| D | 2-12 | 2-4 | 4-8 | 8-12 | 12 | $ 5,000 | $ 50,000 |
| E | 1-6 | 1-2 | 2-4 | 4-6 | 6 | $ 3,000 | $ 5,000 |

*Numbers reflect range of possible sentence in years. Percentages apply to parole/release eligibility.
**Minimum fines for drug offenses are: $2000-1st conviction; $2500-2nd conviction; $3000-3rd conviction unless waived or lowered by the Court.
***Fines of up to $200,000 may be imposed if the amount of controlled substances involved are equal to or greater than the amounts set forth in T.C.A. §39-17-417(i).

5. a. I understand that the range of punishments and the parole/release eligibility percentages which are applicable if I am convicted of the charges in this case depend upon the number and class of felonies for which I have previously been convicted and the offense(s) for which I am convicted. My attorney has discussed with me which ranges and parole/release eligibility percentages apply in this case based on my past felony record.

    b. I understand if I am required to serve the sentence that I would be eligible for parole after serving the percentage of the sentence for the Range to which I am sentenced. I understand that parole is not then mandatory but is discretionary with the Board of Paroles. It depends on my subsequent behavior, the facts of the offense, and other factors.

    c. I understand that there is no parole/release eligibility for persons convicted of first or second degree murder, especially aggravated or aggravated kidnapping, especially aggravated robbery, rape of a child, aggravated rape, rape, aggravated sexual battery, aggravated arson, and aggravated child abuse. A person convicted of any of these offenses must serve 100% of the sentence except he/she may earn sentence credits which may reduce the sentence, but in no event by more than 15%. However, a person convicted of a rape of child or who is a "multiple rapist" may not earn any sentence credits and must serve the entire sentence. A "multiple rapist" is a person convicted of either aggravated rape or rape and who has previously been convicted of either of those offenses.

    d. I understand that if I had no prior felony convictions and if the Court found from the evidence that there were mitigating factors but no enhancement factors involving the offenses in this case, then I could be sentenced as an especially mitigated offender and the minimum sentence could be reduced by 10% or the parole/release eligibility reduced to 20% or both. (However, based on the advice of counsel, the facts of the case, my prior record, and the plea agreement, I do not request consideration as an especially mitigated offender).

    e. I understand that if I plead not guilty but was convicted of the charged offenses after a trial then I would be sentenced:

☑ as a standard, Range I (30%) offender or, if applicable, an especially mitigated offender;
☐ as a multiple, Range II, offender (35% parole/release eligibility);
☐ as a persistent, Range III offender (45% parole/release eligibility);
☐ as a career, maximum sentence Range III offender (60% parole/release eligibility);
☐ to serve the entire sentence. (See paragraph c above).

    (I acknowledge that I have sufficient previous convictions to qualify for the indicated enhanced punishment and that the State has filed or could have filed the required notice of intent to seek enhanced punishment. I hereby waive the filing of such notice as I am aware of my past felony convictions.)

Page 2 of 4

Case 3:07-cv-00022   Document 22-1   Filed 09/26/08   Page 2 of 5   PageID #: 824

6. **Waiver of Trial Rights:** My attorney has fully explained to me and I understand that I have the right to plead "Not Guilty" to any offense charged against me and persist in that plea, and if I choose to plead "Not Guilty," the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right to see, hear, confront, and cross-examine all witnesses against me; (c) that right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor and the right to testify in my own behalf; (d) the right to have the assistance of counsel in my defense as set forth in paragraph 3 above; and (e) the right to remain silent and not testify and to not have my silence used against me. I understand that by pleading guilty to the offenses listed on page 4, I am waiving my right to a trial to determine my guilt or innocence and there will not be a further trial of any kind except as to the appropriate sentence. By pleading guilty, I am waiving the rights set forth above as each pertains to any trial concerning my guilt or innocence.

7. **Waiver of Non-Jurisdictional Errors:** I understand that by pleading guilty, I am waiving or giving up my right to appeal all non-jurisdictional defects or errors in these proceedings, including any complaints I might have that I was unlawfully arrested, that my property or possessions were unlawfully searched or seized, that my rights against self-incrimination or right to counsel were violated, or that I was denied a right to a speedy trial; I further acknowledge my waiver of the filing or hearing of any pre-trial motions not previously filed or heard.

8. **Waiver of Right to Further Delay:** I understand that I have a constitutional right to a reasonable time after arrest to prepare my case for trial and a statutory right to at least 14 full days (excluding Sundays and holidays) after arrest and the return of the indictment before being tried. I hereby waive any right that I may have to any further delay between the filing of the indictment and trial, and I ask the Court to hear this guilty plea immediately.

9. **Consequences of Guilty Pleas and Convictions:** I understand that if the Court accepts my plea of guilty and I am convicted of the offense(s) to which I am pleading guilty, the conviction(s): (a) will be public record; (b) will, if a felony, render me infamous denying me access to the electoral process and making my sworn testimony subject to attack; (c) may be used to increase the punishment I might receive if I am later convicted of any crime; (d) may, if I am later convicted of the same crime, require a Court to impose a greater minimum sentence or increase the range of possible punishments to which I might be subject; and (e) may, if a felony and I am later convicted of another felony, be used at that time in combination with other felony convictions to require a Court to sentence me as a multiple, persistent, or career offender thereby increasing my sentence and parole/release eligibility for the new conviction as shown on page 2 in the table of felony punishments.

10. **Waiver of Constitutional Rights at Sentencing:** I understand that I have a constitutional right to have a jury impose any fine in excess of $50.00 but I wish to waive that right and authorize the Court to impose the fine in any lawful amount. I also understand that I may have the constitutional right to have a jury to determine whether there is proof beyond a reasonable doubt of the existence of any enhancing factors set forth in Tennessee Code Annotated §40-35-114 in my case, which would allow the Judge to increase my punishment within the specified range of punishments. However, I knowingly, voluntarily, and upon advice of counsel, waive any right to have a jury determine any sentencing issues and authorize the Court to make that determination pursuant to Tennessee Code Annotated §§40-35-209 - 210. I also waive my right to any notice prior to this plea of guilty of the enhancing factors that the District Attorney will seek to prove at my sentencing hearing.

11. **Sentencing Procedure:** I understand that if I plead <u>guilty,</u> the Court is authorized to impose the same punishment as if I had plead <u>not guilty,</u> stood trial, and been convicted by a jury. I understand that the Court is not obligated to accept the State's recommendation as to sentence. I understand that even if I am eligible for probation or other forms of community release the Court may or may not grant such relief. I understand that if my sentence recommendation is agreed upon between myself and the District Attorney General and the Court does not accept the recommendation that, if I do not agree to the Court's modification, that I may appeal the Court's ruling or withdraw my plea of guilty. I understand that if there is no agreed upon sentence or if any aspect of sentencing is to be determined by the Court that there will be a sentencing hearing pursuant to Tennessee Code Annotated §§40-35-209 - 210.

12. **Effect of Prior Convictions at Sentencing:** I understand that if I have previously been convicted of any crime, felony or misdemeanor, the Court may consider at sentencing the conviction(s) in determining my sentence in this case and may increase my punishment as a result. I also understand that if I am convicted of more than one offense in this case or other pending cases or if I am on probation or community corrections for previous convictions that the Court will decide whether the sentences are to be served concurrently (at the same time) or consecutively (one after the other). I understand that the sentence in this case must by law be served consecutively to any sentence for which I am currently on parole.

Page 3 of 4

STATE OF TENNESSEE VS. _____ CASE # _____

13. **Plea Agreement:** The charges to which I am pleading guilty and the State's recommendation are shown below. I understand that the range of punishments and parole/release eligibility for the offenses to which I am pleading guilty to be that shown on the table on page 2 for the offense class and offender classification shown below.

| COUNT | OFFENSE | OFFENSE CLASS FELONY / MISDEMEANOR | OFFENDER CLASSIFICATION | RECOMMENDED SENTENCE |
|---|---|---|---|---|
| 1. | Fabricating Evidence | C | — | |
| 2. | False Report | D | — | |
| 4. | Official Misconduct | E | — | |
| | rolle - Ct. 3 | | | |

**Alternative Sentencing**
☐ Denied – sentence to be served pursuant to law with a jail credit of _____.
☐ Split confinement of _____ (days)(months)(years) with a jail credit of _____.
☒ Judicial Diversion pursuant to Tennessee Code Annotated §40-35-313 for __3__ years.
☐ Unsupervised probation _____ year(s) which shall commence today. ☐ Jail Credit: _____
☒ Supervised probation __3__ year(s), which shall commence today. ☐ Community Corrections, which shall commence today.
☒ BOPP ☐ E.T.H.R.A. Misdemeanor
☐ Determination of alternative sentencing to be made by the Court at a hearing on _____.

**Monetary Obligations**
☒ Court Costs ☐ Indigent (relieved of paying obligations) ☐ Restitution: (1)Victim_____ Amount $_____
☐ Fine _____ (2)Victim_____ Amount $_____
☐ ECF _____ (3)Victim_____ Amount $_____
☐ Forfeiture _____ (4)Victim_____ Amount $_____

Manner of Paying Obligations: Pay costs in full by 11/12/07
Special conditions of alternative sentencing: ☐ See attached addendum to the plea agreement.
Defendant shall surrender POST Certificate within 30 days & file written proof of compliance within 30 days

☐ Sentence beyond any unsuspended time is to be suspended upon good behavior, unsupervised probation, and payment of all monetary obligations in full by the last Friday before the 1st day of the next term of Court. If the defendant does not pay all monetary obligations by the due date, the defendant will serve 30 consecutive days in the Campbell County Jail Workhouse followed by supervised probation for the length of the sentence. ☐ BOPP ☐ E.T.H.R.A. Misdemeanor

BEING AWARE OF MY CONSTITUTIONAL AND STATUTORY RIGHTS, I HEREBY WAIVE MY RIGHT TO A JURY TRIAL AND PLEAD GUILTY TO THE OFFENSES LISTED ABOVE. MY DECISION TO PLEAD GUILTY IS VOLUNTARY AND NOT THE RESULT OF FORCE OR THREATS OR OF PROMISES APART FROM THE PLEA AGREEMENT. I AM PLEADING GUILTY BECAUSE I COMMITTED THE ACTS CONSTITUTING THE OFFENSE(S) TO WHICH I AM PLEADING GUILTY.

The District Attorney General joins in this motion for the purpose of waiving trial by jury and acknowledging the plea agreement. Defense counsel acknowledges that each statement contained in this document is in all respects true and accurate to the best of his/her knowledge and belief.

Enter this 24th day of September, 2007.

_____  _____
Attorney for the Defendant    Defendant

_____
Assistant District Attorney

Page 4 of 4

## APPLICATION FOR CERTIFICATION OF ELIGIBILTY FOR DIVERSION

152146
FILED
7/31/07

| ITY | COURT | DIVISION | JUDGE |
|---|---|---|---|
| Campbell | 13th | | Sexton |
| | ☐ Circuit ☒ Criminal ☐ Sessions | | COURT DATE 8/3/07 |

DEFENDANT'S NAME: Richard Lowe

OF BIRTH: 11/21/68
SEX/RACE: M/W
SOCIAL SECURITY NUMBER: 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
TYPE OF DIVERSION: ☐ Pretrial ☒ Judicial

OFFENSES TO BE DIVERTED:
- Fabricating Evidence — Date of Arrest: 7/16/07 ☒ Felony ☐ Misdemeanor
- False Report — Date of Arrest: 7/16/07 ☒ Felony ☐ Misdemeanor
- Official Misconduct — Date of Arrest: 7/16/07 ☒ Felony ☐ Misdemeanor

NAME AND PHONE NUMBER OF DISTRICT ATTORNEY OR ASSISTANT DISTRICT ATTORNEY TO WHOM RESPONSE SHOULD BE SENT:
Mike Ripley, Assistant District Attorney
DISTRICT ATTORNEY GENERAL'S OFFICE
8th JUDICIAL DISTRICT
P. O. BOX 323
JACKSBORO, TENNESSEE 37757
NUMBER: 423-562-9602

### CERTIFICATION OF ELIGIBILITY FOR DIVERSION

I hereby certify that, pursuant to Tenn. Code Ann. §38-6-118(b), a query of the TBI Expunged Criminal Offender and Pretrial Diversion Database has been conducted pursuant to the above authorized request, and based upon the results of that query:

☒ The defendant has not had a prior disqualifying felony or misdemeanor conviction.
☐ The defendant has a prior disqualifying felony or misdemeanor conviction.
☐ The defendant has a prior arrest for which no disposition has been entered.

☒ The defendant has not previously been granted diversion.
☐ The defendant has been granted diversion before.

☒ The defendant has not had an order expunging the public records of a criminal offense following the dismissal of charges entered on behalf of said defendant.
☐ The defendant has had an order expunging the public records of a criminal offense following the dismissal of charges entered on behalf of said defendant.

_[signature]_                          8-2-07
Records Processing Unit, TBI             Date

PLEASE NOTE THAT THIS DOES NOT CONSTITUTE A CERTIFICATION THAT THE DEFENDANT IS ELIGIBLE OR INELIGIBLE FOR DIVERSION UNDER TCA 40-35-313 OR TCA 40-15-105. THIS IS ONLY A CERTIFICATION THAT A RECORDS CHECK OF THE TBI EXPUNGED CRIMINAL OFFENDER AND PRETRIAL DIVERSION DATABASE HAS REVEALED QUALIFYING OR DISQUALIFYING INFORMATION UNDER THE CRITERIA SET OUT IN THE DIVERSION STATUTES REFERENCED ABOVE.

### JUDGMENT OF PRETRIAL DIVERSION OR JUDICIAL DIVERSION

Comes now the District Attorney General for the State and Defendant with counsel of record for entry of judgment.

On the 13 day of August, 2007

OFFENSE INDICTED: Fabricated Evidence, False Report, Official Misconduct   OFFENSE CLASS: C, D, E

OFFENSE DIVERTED: Same   OFFENSE CLASS: C, D, E

The defendant is sentenced to [ ] pretrial diversion [☒] judicial diversion for the following period:
3 years, ___ months, ___ days. Effective: 8/13/07

JUDGE (Printed): Sexton
JUDGE (Signature): _[signature]_
ENTRY OF JUDGMENT DATE: 8/13/07

APPROVED FOR ENTRY
DISTRICT ATTORNEY: _[signature]_
ATTORNEY FOR DEFENDANT: _[signature]_

31-XXXXX
Rev. 06/02