IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| APRIL ANN HARVEY, wife and next of kin to her husband, Ramsey Robert Harvey, deceased; RYAN A. HARVEY, a minor child and next of kin to his father, Ramsey Robert Harvey, deceased, by and through his mother and next friend, MISTY L. GILLIAM,<br><br>Plaintiffs,<br><br>vs.<br><br>CAMPBELL COUNTY, TENNESSEE; Former Campbell County Sheriff RON MCCLELLAN, individually and in his official capacity as Sheriff; Former Campbell County Chief CHARLES SCOTT, individually and in his official capacity as Chief Deputy; Campbell County Deputy Sheriff RICHARD LOWE, individually and in his official capacity as a Campbell County Deputy Sheriff; JEFF HALL as Mayor of Campbell County, Tennessee; and SHERIFF GARY PERKINS, in his official capacity as Sheriff of Campbell County, Tennessee,<br><br>Defendants. | Case No. 3:07-CV-00022 |

_____

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiffs April Ann Harvey and Ryan A. Harvey (collectively "Plaintiffs") seek recovery from the above-referenced Defendants. Plaintiffs have asserted that Defen-

1

dants are liable to them for the wrongful death of Ramsey Robert Harvey ("Harvey"). Defendants have moved for Summary Judgment and Plaintiffs now submit this Memorandum of Law in response.

## STANDARD OF REVIEW

The party moving for summary judgment bears the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact. **Green v. Dalton**, 164 F3d 671, 675 (D.C. Cir. 1999) (*citing* **Celotex Corp. v. Catrett**, 477 U.S. 317, 323 (1986)). The mere existence of a factual dispute will not in and of itself defeat an otherwise properly supported motion for summary judgment. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242,247-48 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" **Matsushita Elec. Indus. Co. v. Zenith Radio Corp**., 475 U.S. 574,587 (1986) (citation omitted). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Id*. at 587.

## DEFENDANT SHERIFF GARY PERKINS

Plaintiffs concede that at this time they have not established sufficient admissible evidence against this Defendant to resist summary judgment.

## ARGUMENT

Plaintiffs have filed suit against Defendants alleging liability pursuant to 42 U.S.C.S. § 1983 and Tenn. Code Ann. § 29-20-101 *et seq*. ("TGTLA"). Defendants have moved for summary judgment, claiming no liability under Section 1983 or the TGTLA.

### *Summary Judgment on the 42 U.S.C.S. § 1983 Claims is Not Appropriate*

Defendants argue they have presented evidence of non-liability sufficient to meet their burden of proof. Defendants have gone through each named individual and entity and have argued that Plaintiffs have failed to present proof that these parties violated their constitutional rights. However, Defendants predicate all of their arguments on the presumption that Deputy Lowe was properly trained just because he was trained in accordance with the rules and regulations of the Campbell County Sheriff's Department. The mere assertion that these rules and regulations are sufficient and pass constitutional muster does not constitute evidence demonstrating the absence of a genuine issue of material fact.

Plaintiffs contend that the insufficient training, mentoring, and monitoring that Deputy Lowe received from, by, and through the Defendants caused Harvey's death. Defendants McClellan and Scott may be found liable for Deputy Lowe's wrongdoing under the theory of supervisory liability. Plaintiffs agree that liability under Section 1983 cannot be based on the doctrine of respondeat superior. **Shehee v. Luttrell**, 199 F.3d 295, 300 (6th Cir. 1999). Nonetheless, supervisory liability may attach,where the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." **Bass v. Robinson**, 167 F.3d 1041, 1048 (6th Cir. 1999) (citations omitted). A plaintiff must show that the official "either encouraged the specific incident of misconduct or in some other way directly participated in it." **Shehee**, 199 F.3d at 300 (citations and quotations omitted). At the very least, "a plaintiff must show that the official . . . implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (citations and quotations omitted).

The Defendants are not shielded by qualified immunity. The doctrine of qualified immunity protects government officials who perform discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). In ***Saucier v. Katz***, 533 U.S. 194, 201 (2001), the Court set forth a two-prong test that must be applied to a qualified immunity analysis. First, whether the facts alleged show that the official's conduct violated a constitutional right and second, whether the right was so clearly established that a reasonable official would have known that his conduct would violate that right. ***Id***. Here, the relevant question is not whether there was a violation of a constitutionally protected right - clearly, there was - but how the Defendants' conduct violated this right. Plaintiffs argue that the training, mentoring, and monitoring that Deputy Lowe received, which was overseen and approved by the Defendants individually and/or in their respective official capacities, was constitutionally insufficient. This argument is evinced by the fact that Deputy Lowe was acting in the scope of his employment and his training when he shot and killed Harvey.

This is not a situation where there is any rational argument supporting the use of excessive force. Nor is this a situation where a series of unavoidable events led to the horrific result. An experienced officer pulled over a car with only once occupant. Back-up was on the way. As the evidence would eventually show, Harvey was unarmed. While the situation may have been unsure and potentially dangerous, certainly the use of deadly force was unwarranted and unjustified and should not have been employed by a properly trained officer.

4

In order to protect the constitutional rights of those with whom armed officers come into contact, those officers should receive specific, detailed, and ongoing training on how to handle situations such as that which arose on December 23, 2005 and there should be ongoing monitoring of and mentoring to armed officers. Anything less shows a cavalier disregard for the rights of the citizens with whom the officers interact.

However, as Defendants have shown, Deputy Lowe was not given such training. Instead, he was provided with an eleven page "Use of Deadly Force" brochure, including a complicated and vague "Use of Force Ladder." Document 21-4, attachment to Affidavit of Charles Scott: Campbell County Sheriff's Department Policies and Procedures at 3, 12. Defendants have also provided evidence that Lowe had "access" to the Campbell County Sheriff's Department Policies and Procedures Manual. Affidavit of Ron McClellan at 5.

The use of deadly force is clearly not something that can be adequately taught and governed by a pamphlet and access to a 340 page manual. Supervisors and responsible entities should do more than merely look for a checked box in an officer's file when determining whether that officer has been sufficiently trained in the use of deadly force. However, the documents provided by Defendants show this not to be the case.

Interestingly, neither Sheriff McClellan nor Chief Deputy Scott have stated that they would testify that they themselves provided any specific training to Deputy Lowe on the use of deadly force, nor did they state that they knew of any specific individual who had provided such training and could testify to its sufficiency. Nor did either defendant offer statements indicating that they had any personal knowledge of Deputy Lowe's understanding of the use of deadly force procedures and policies. All they could testify to

5

is that there are documents that advise officers on the use of deadly force, that Deputy Lowe had access to these documents, and that Deputy Lowe's personnel file indicated that Lowe had previously received training on the use of force. In addition to insufficient training, Defendants have not provided any evidence that there was ongoing mentoring to or monitoring of Deputy Lowe.

Whether the training that Deputy Lowe received was sufficient or whether it evinces a deliberate indifference to the constitutional rights of the people with whom the officers will come into contact remains a genuine issue of material fact for the trier-of-fact to resolve. Therefore, summary judgment on this issue is unwarranted and Defendants' Motion should be dismissed.

### *Tennessee Governmental Tort Liability Act*

Defendants also argue that "[p]laintiffs have failed to adequately allege any facts of record demonstrating that they are entitled to any relief against any Defendant under state law." Defendants' Memorandum at 13. This is the entirety of Defendants' argument on this issue. Clearly, this does not meet Defendants' burden of proof under current summary judgment law.

A negligence cause of action has been distilled down to five necessary ingredients: (1) a legally recognized duty owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) legal cause. ***Biscan v. Brown***, 160 S.W.3d 462, 478 (Tenn. 2005); ***Draper v. Westerfield***, 181 S.W.3d 283, 290 (Tenn. 2005); ***Foster v. Bue***, 749 S.W.2d 736, 741 (Tenn. 1988). The determination of negligence claims involves mixed questions of law and fact. The existence and scope of the defendant's duty is exclusively within the court's domain. ***Dill v.***

*Gamble Asphalt Materials*, 594 S.W.2d 719, 721 (Tenn. Ct. App. 1979). However, whether the defendant breached its duty and whether the breach proximately caused the injury are generally questions decided by the trier of fact. *Frady v. Smith*, 519 S.W.2d 584, 586 (Tenn. 1974); *Senters v. Tull*, 640 S.W.2d 579, 582 (Tenn. Ct. App. 1982). These questions become questions of law only when the facts and inferences drawn from the facts permit reasonable persons to reach only one conclusion. *Evridge v. American Honda Motor Co.*, 685 S.W.2d 632, 635 (Tenn. 1985); *Haga v. Blanc & West Lumber Co.*, 666 S.W.2d 61, 65 (Tenn. 1984).

The TGTLA removes governmental immunity for "injuries proximately caused by a negligent act or omission of any employee within the scope of his employment," with certain exceptions. Tenn. Code Ann. § 29-20-205. Once immunity is waived, liability of a governmental entity "shall be determined as if the governmental entity were a private person." Tenn. Code Ann. § 29-20-206.

There are exceptions to waiver of liability under the TGTLA where the injury is the result of:

> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;
>
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;
>
> (3) the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization;
>
> (4) a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property;

(5) the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;

(6) misrepresentation by an employee whether or not such is negligent or intentional;

(7) or results from riots, unlawful assemblies, public demonstrations, mob violence and civil disturbances;

(8) or in connection with the assessment, levy or collection of taxes; or

(9) or in connection with any failure occurring before January 1, 2005, which is caused directly or indirectly by the failure of computer software or any device containing a computer processor to accurately or properly recognize, calculate, display, sort, or otherwise process dates or times, if, and only if, the failure or malfunction causing the loss was unforeseeable or if the failure or malfunction causing the loss was foreseeable but a reasonable plan or design or both for identifying and preventing the failure or malfunction was adopted and reasonably implemented complying with generally accepted computer and information system design standards. Notwithstanding any other provision of the law, nothing in this subdivision shall in any way limit the liability of a third party, direct or indirect, who is negligent. Further, a person who is injured by the negligence of a third party contractor, direct or indirect, shall have a cause of action against the contractor.

Tenn. Code Ann. § 29-20-205. There is no valid argument that any of these exceptions apply.

The Defendants' failure to adequately train, supervise, monitor, and mentor Deputy Lowe resulted in the death of Ramsey Robert Harvey. "A negligent act or omission is operational in nature and not subject to immunity when the act or omission occurs: (1) in the absence of a formulated policy guiding the conduct or omission; or (2) when the conduct deviates from an established plan or policy." ***Chase v. City of Memphis***, 1998 Tenn. Lexis 435, *11-*12 (Tenn. July 21, 1998). As Defendants have not met their burden, summary judgment on the TGTLA claim is improper and their Motion should be dismissed.

8

Case 3:07-cv-00022   Document 27   Filed 11/21/08   Page 8 of 9   PageID #: 856

## SUMMARY

Defendants have failed to identify evidence that demonstrates the absence of any genuine issue of material fact. As Defendants are not entitled to summary judgment as a matter of law, their Motion must be dismissed.

Respectfully Submitted this the 21st day of November, 2008.

**S/WILLIAM T. WRAY, JR.**
**WILLIAM T. WRAY, JR., (BPR# 1355)**
Attorney for Plaintiffs
The Wray Law Firm
102 E. Main St., P.O. Box 1303
Kingsport, Tennessee 37662
Phone: (423) 378-0101
Fax:    (423) 378-0104

**/S/KRISTIE ANDERSON**
**KRISTIE ANDERSON (BPR# 021840)**
Attorney for Plaintiffs
523 Main St., P.O. Box 196
Jacksboro, Tennessee 37757
Phone: (423) 566-9092
Fax: (423) 566-9093

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Dated this 21st day of November, 2008.

BY:   /s/William T. Wray, Jr.
         William T. Wray, Jr.