IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| APRIL ANN HARVEY, wife and next of kin to her husband, Ramsey Robert Harvey, deceased; RYAN A. HARVEY, a minor child and next of kin to his father, Ramsey Robert Harvey, deceased, by and through his mother and next friend, MISTY L. GILLIAM,<br><br>Plaintiffs,<br><br>vs.<br><br>CAMPBELL COUNTY, TENNESSEE; Former Campbell County Sheriff RON MCCLELLAN, individually and in his official capacity as Sheriff; Former Campbell County Chief CHARLES SCOTT, individually and in his official capacity as Chief Deputy; Campbell County Deputy Sheriff RICHARD LOWE, individually and in his official capacity as a Campbell County Deputy Sheriff; JEFF HALL as Mayor of Campbell County, Tennessee; and SHERIFF GARY PERKINS, in his official capacity as Sheriff of Campbell County, Tennessee,<br><br>Defendants. | Case No. 3:07-CV-00022 |

___

**PLAINTIFFS' RESPONSE TO THE DEFENDANTS' STATEMENT OF MATERIAL FACTS**
___

Plaintiffs RYAN A. HARVEY and APRIL ANN HARVEY (collectively "Plaintiffs") respond to the Defendants' Statement of Material Facts as follows:

1. Plaintiffs agree that Statement 1 is an undisputed statement of material fact.

2. Plaintiffs agree that Statement 2 is an undisputed statement of material fact.

3. Plaintiffs agree that Statement 3 is an undisputed statement of material fact.

4. Plaintiffs agree that Statement 4 is an undisputed statement of material fact.

5. Plaintiffs do not agree with Statement 5 as it is worded in the Defendants' Statement, as it assumes the veracity of Deputy Lowe's version of the events. Plaintiffs would agree that it is undisputed that in a statement given by Deputy Lowe to the LaFollette Press, Deputy Lowe stated that the Plaintiffs' Decedent exited the vehicle with some type of knife in his hand and he advised the Decedent to stop and that the decedent did not stop.

6. Plaintiffs do not agree with Statement 6 as it is worded in the Defendant's Statement, as it assumes the veracity of Deputy Lowe's version of the events. Plaintiffs would agree that it is undisputed that Deputy Lowe shot and killed the Decedent.

7. Plaintiffs agree that Statement 7 is an undisputed statement of material fact.

8. Plaintiffs agree that Statement 8 is an undisputed statement of material fact.

9. Plaintiffs agree that Statement 9 is an undisputed statement of material fact.

10. Plaintiffs agree that Statement 10 is an undisputed statement of material fact.

11. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 11.

12. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 12.

13. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 13.

14. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 14.

15. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 15.

16. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 16. However, it is disputed that Deputy Lowe was fully trained by several law enforcement agencies and the Campbell County Sheriff's Department Policies and Procedures.

17. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 17.

18. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 18.

19. Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 19.

20.     Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 20.  However, it is disputed that the Defendants were not at the scene of the shooting immediately after it happened.

21.     Plaintiffs agree that the affidavits and supporting documents submitted by Defendants tend to support the veracity of Statement 21.  However, Defendant McClellan defended Deputy Lowe's use of deadly force and stated that it was a good shoot. See Complaint at 20.

22.     Plaintiffs do not agree with Statement 22 as worded but would agree that Lowe was terminated after an investigation into the events of December 23, 2005.

23.     Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 23.

24.     Plaintiffs agree that the affidavits and supporting documents submitted by Defendants support the veracity of Statement 24.

Respectfully Submitted this the 21st day of November, 2008.

**S/WILLIAM T. WRAY, JR.**
**WILLIAM T. WRAY, JR., (BPR# 1355)**
Attorney for Plaintiffs
The Wray Law Firm
102 E. Main St., P.O. Box 1303
Kingsport, Tennessee  37662
Phone: (423) 378-0101
Fax:    (423) 378-0104

**/S/KRISTIE ANDERSON**
**KRISTIE ANDERSON (BPR# 021840)**
Attorney for Plaintiffs
523 Main St., P.O. Box 196
Jacksboro, Tennessee 37757
Phone:  (423) 566-9092
Fax:  (423) 566-9093

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Dated this 21st day of November, 2008.

BY: /s/William T. Wray, Jr.
William T. Wray, Jr.