IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

APRIL ANN HARVEY, wife and
next of kin to her husband,
Ramsey Robert Harvey, deceased;
RYAN A. HARVEY, a minor child and next
of kin to his father Ramsey Robert Harvey,
deceased by and through his mother and
next friend, MISTY L. GILLIAM,

    Plaintiffs,

v.                                               No. 3:07-cv-0022

CAMPBELL COUNTY, TENNESSEE;
Former Campbell County Sheriff RON MCCLELLAN,
individually and in his official capacity as Sheriff;
Former Campbell County Chief CHARLES SCOTT,
individually and in his official capacity as chief deputy;
Campbell County Deputy Sheriff RICHARD LOWE,
individually and in his official capacity as a Campbell County Deputy Sheriff;
JEFF HALL as Mayor of Campbell County, Tennessee; and
SHERIFF GARY PERKINS, in his official capacity as
Sheriff of Campbell County, Tennessee,

    Defendants.

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

    Defendants are entitled to summary judgment.

    At this stage, it is incumbent upon the Plaintiffs to cite to specific facts in the record which establish that there is a genuine issue for trial. It is respectfully submitted that a fair reading of Plaintiffs' Response, Memorandum of Law in Support of Plaintiffs' Response, and Plaintiffs' Response to Defendants' Statement of Material Facts, does not meet the standard of Federal Rule of Civil Procedure 56. In fact, Plaintiffs have submitted no facts,

much less facts indicating that a triable issue exists on any of their claims. Instead, Plaintiffs offer mere argument that Defendants are not entitled to summary judgment. Again, respectfully, that is insufficient as a matter of law, and Defendants are entitled to summary judgment.

First, none of Defendants' Statement of Material Facts had been disputed by admissible facts in Plaintiffs' filings. Accordingly, the same is established as admitted for the purposes of Federal Rule of Civil Procedure 56. Also, Plaintiffs have not set forth any additional facts for the court to consider in ruling on Defendants' Motion. Thus, upon this record, Defendants respectfully submit summary judgment is appropriate as to all of Plaintiffs' claims.

With respect to each Defendant, Defendants do not glean any argument against Campbell County, Tennessee, from Plaintiffs' Response. To the extent it exists, the facts of record indicate, Campbell County, Tennessee, is entitled to summary judgment.

Under established Supreme Court precedent, it is incumbent upon Plaintiffs to submit facts that the violation of Plaintiffs' decedent's federal constitutional was proximately caused by a policy or custom of Campbell County, Tennessee, or in other words, a policy or custom of Campbell County, Tennessee, was the moving force behind the violation of Plaintiffs' decedent's federal constitutional rights. See generally City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1995).

Such is simply not the case. As argued previously, at all times material herein, Campbell County, Tennessee, had lawful policies and procedures for its deputies to follow. Moreover, the record clearly reflects that Lowe was an adequately trained, certified law enforcement officer at the time of the shooting. The Plaintiffs have submitted nothing

2

demonstrating otherwise. Certainly, no facts exist indicating any delivered indifference on the part of the county with respect to any deficiencies in Deputy Lowe's training or, quite frankly, any facts that demonstrate that any policy or procedure of Campbell County, Tennessee, could have been a proximate cause of decedent's death. Accordingly, it is respectfully submitted that Plaintiffs' action against Campbell County, Tennessee, and all official capacity actions be dismissed.

Concerning the individual Defendants, former Sheriff Ron McClellan, and former Chief Deputy Charles Scott, both have submitted Affidavits which have not been disputed by the Plaintiffs.

No facts suggest that either Sheriff McClellan or Chief Deputy Scott were present at the time of the shooting. Accordingly, any claim against either of these Defendants has to be based on well established standards of supervisory liability under §1983. In other words, Plaintiffs must show that the supervisor encouraged the specific incident of misconduct, or in some way directively participated in it. Or, at minimum, a Plaintiff must show supervisory official at least implicitly authorized, approved, or knowingly acquiesced the unconstitutional conduct of the offending subordinate.

There is simply no sustainable claim on this record against either individual Defendant. First, Deputy Lowe's employment record indicates he was hired July 18, 2005. He previously worked at the City of LaFollette, the Union County Sheriff's Department and a school officer with Knox County School system. He graduated from the police academy at Walter State on September 6, 2002, and became a certified law enforcement officer with the Tennessee Peace Officers Standards and Training Commission (POST) on January 16, 2004. Further, no dispute exists that the police department checked Lowe's references

3

and even obtained records from his previous employment prior to hiring Lowe as a Deputy. Accordingly, absolutely no evidence of adverse information appeared concerning Lowe anytime prior to the subject incident.

With respect to the personal involvement of former Sheriff McClellan and former Chief Deputy Scott, the undisputed record shows neither of these gentlemen were present at the shooting. No facts exist that even McClellan or Scott encouraged the incident or directly participated in it. Further, no facts exist that either of these Defendants did anything to inhibit the TBI investigation into the shooting and Mr. Lowe or his subsequent criminal prosecution, in fact, when the TBI discovered wrongdoing by Lowe, these Defendants immediately terminated his employment. Specifically, the wrongdoing found determined by the FBI was the planting of the evidence and not the shooting itself. In fact, the record reflects that Officer Lowe was subsequently indicted July 9, 2007, and on September 24, 2007, was sentenced to judicial diversion pursuant to T.C.A. §40-35-313 for three (3) years as a result of fabricating evidence, filing a false police report and official misconduct.[1] Therefore, Plaintiffs did not submit its facts establishing a claim as to Officer Lowe (who was previously dismissed) with respect to the shooting. Criminal court records of Officer Lowe show only admission that he put an additional knife.

---

[1] As stated in Defendants' Motion, the indictable act was not the shooting, but rather the planting of an additional knife at the scene when Lowe could not find the original knife held by Mr. Ramsey. The TBI investigation revealed the presence of two (2) knives and determined Lowe had planted an additional knife when he could not find the original. Wherefore, Plaintiffs' claims against these Defendants should be dismissed for this reason.

## CONCLUSION

For each and all of the foregoing reasons, Defendants respectfully request that their Motion for Summary Judgment filed September 26, 2008, be GRANTED.

RESPECTFULLY SUBMITTED this 24th day of November, 2008.

        s/Arthur F. Knight, III
        Arthur F. Knight, III, BPR #016178
        Becker, Fleishman & Knight, P.C.
        Post Office Box 1710
        Knoxville, Tennessee 37901-1710
        Phone: 865/522-5057
        Fax: 865/522-6743
        sjohnson@bfk-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2008, a copy of the foregoing Reply to Plaintiffs' Response for Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

        s/Arthur F. Knight, III
        Arthur F. Knight, III

5

Case 3:07-cv-00022   Document 29   Filed 11/24/08   Page 5 of 5   PageID #: 867