# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| APRIL ANN HARVEY, wife and next of kin to Ramsey Robert Harvey, deceased; and RYAN A. HARVEY, a minor child, by and through his mother and next friend, MISTY GILLIAM, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:07-CV-22 (Phillips) |
| CAMPBELL COUNTY, TENNESSEE; RON McCLELLAN, individually and in his official capacity as former Sheriff of Campbell County; and CHARLES SCOTT, individually and in his official capacity as former Deputy Sheriff of Campbell County, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REMAND ORDER

This matter is before the Court on the mandate issued by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). [Mandate, Doc. 38]. On January 19, 2007, Defendants removed this civil rights action to federal court. [Notice of Removal, Doc. 1]. The case was originally filed in the Circuit Court for Campbell County, Tennessee. [Id.].

Plaintiffs brought claims under both 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act ("TGTLA), T.C.A. § 29-20-101 *et seq*. [Complaint, Doc. 1-1]. In support of their Section 1983 claims, Plaintiffs argued that Defendants violated the Fourth Amendment of the United States Constitution. [Id.]. Specifically, Plaintiffs alleged that Defendants were liable for "inadequate screening in hiring," and the "failure-to-train" in the use of deadly force. [Id.].

1

On December 30, 2008, the Court granted in part and denied in part Defendants' Motion for Summary Judgment [Doc. 23]. The Court granted summary judgment in favor of the Defendants on the "screening" claim [Doc. 34, at 10], but denied summary judgment on the "failure-to-train" claim, finding that Defendants had "failed to meet their burden of establishing an absence of genuine issue of material fact." [Id. at 8]. The Court also denied the individual Defendants' request for qualified immunity on the same basis. [Id. at 11-13].

Following the Court's decision [Doc. 34], the individual Defendants appealed the qualified immunity ruling to the Sixth Circuit. [Notice of Interlocutory Appeal, Doc. 35]. On June 7, 2011, the Sixth Circuit issued an opinion reversing in part the Court's summary judgment ruling. Harvey v. Campbell Cnty., No. 09-5041, 2011 WL 1789955 (6th Cir. May 10, 2011). In particular, the Sixth Circuit held that summary judgment should have been entered in favor of Defendants on both the "screening" and "failure-to-train" claims. Id., at *12.

The Sixth Circuit therefore remanded the case with instructions to enter judgment in favor of the Defendants on Plaintiffs' "failure-to-train" claim" brought under 42 U.S.C. § 1983. Pursuant to the Sixth Circuit's instruction, Plaintiffs' "failure-to-train" claims brought under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

The Sixth Circuit also remanded for further proceedings "as appropriate on plaintiffs' state-law claims." Id. In addition to bringing claims under 42 U.S.C. § 1983, Plaintiffs also asserted state-law claims for negligence. To the extent that Plaintiffs have asserted state-law claims, the Court declines to exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim, when it has dismissed all claims that it had original subject matter jurisdiction over. In the Sixth Circuit, the policy is that

2

"[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well." Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) (quoting Wojnicz v. Davis, 80 F. App'x 382, 384-85 (6th Cir. 2003)). The Court only had original jurisdiction over the claims brought under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1443. Having dismissed Plaintiffs' federal claims prior to trial, the Court declines to exercise supplemental jurisdiction over the state-law claims. The appropriate remedy is to remand the state-law claims back to state court for further review. Accordingly, the remaining state-law claims are **REMANDED** to the Circuit Court for Campbell County, Tennessee.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge